Per Curiam.

Plaintiff opened a cash account with defendant stockbroker and the following day put in an order to purchase certain shares costing about $36,000. She was required under *214 the agreement applicable to a cash account to pay the full amount of the purchase price on settlement date. The agreement stated that all transactions were subject to the requirements, rules, etc. of the Securities and Exchange Commission and of the Federal Reserve Board. Regulation T, promulgated by the Federal Reserve Board pursuant to the authority granted by the Securities Exchange Act, provides, as to cash account, that a creditor ■may effect with a customer ‘ ‘ bona fide cash transactions ’ ’ and that either sufficient funds for a purchase are already held in the account or the purchase is “in reliance upon an agreement accepted by the creditor in good faith that the customer will promptly make full cash payment for the security and that the customer does not contemplate selling the security prior to making such payment ”; and that, if the customer does not make full cash payment within seven days, the creditor shall ‘ ‘ promptly cancel or otherwise liquidate the transaction ’ ’.
Defendant had been imprudent in executing plaintiff’s order to purchase $36,000 worth of stock on the basis of the information she provided on her customer card, stating that she was a ‘1 self-employed consultant ’ ’ with a showing of assets consisting only of a small special checking account. But this was not a violation by defendant of Regulation T, merely careless business practice. Defendant realized the error the following day on its review of transactions effected the preceding day and requested a deposit from plaintiff, which was not made, and sent her a telegram the day before settlement date requiring payment in full, as agreed, on settlement date. The stock had in the meantime risen in price. She did not make any payment, and defendant did “liquidate” the transaction by selling the stock on settlement date, though it did not ‘ ‘ cancel ’ ’ it, giving plaintiff the benefit of additional time to pay the purchase price and receive in return the sales proceeds. No payment was ever made by plaintiff. More than a month later an attorney made a tender of a cashier’s check conditioned, however, upon defendant’s check being made payable to him as attorney, which was rejected by defendant. Plaintiff thereupon brought this action to recover the profit of $4,474.85.
Plaintiff not only breached the agreement, but also was guilty of an implicit misrepresentation when she put in this purchase order without any reasonable expectation of obtaining $36,000 within seven days, thereby violating the requirement of Regulation T for a ‘ ‘ bona fide cash transaction ’ ’. This is clear from the testimony given by plaintiff and the friend, who later supplied the money for the cashier’s check, and is confirmed by the *215 condition attached to the tender. Their own testimony established that no amount had been mentioned or anything said about losses when plaintiff, prior to this purchase, ‘ ‘ mentioned something about the purchase of some stock ” and he told her that he ‘ ‘ would help her out ’ ’. -
It must be concluded that plaintiff had failed to make the necessary arrangements to be assured that she would be able to pay the $36,000 within seven days. But that was her obligation when she put in her order. Had there been a loss instead of a profit, defendant almost certainly would have had an uncollectible claim. The fact that, even when there was this profit, available merely upon paying the $36,000, the friend would not advance it to plaintiff but insisted upon the condition of payment to the attorney to protect his interests, indicates that, in case of a loss, plaintiff could not reasonably have expected that he would have to put up the $36,000.
It may also be noted that, subsequent to the trial of this action, section 7 of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78g) was amended by adding subdivision (f), making explicit what was implicit in Regulation T (Code Fed. Reg., tit. 12, § 220.4, subd. [c]), that customers as well as brokers have responsibilities to take part only in bona fide transactions.
The judgment should be reversed, with $30 costs, and complaint dismissed with costs.
Concur — Gold, J. P., Quinn and Lupiano, JJ.
Judgment reversed, etc.